UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
C.T. *individually, and on behalf of her child*,
S.T. *a minor*,

                                  Plaintiff,                            **Rule 26(f) Report**
          -against-                                                    CV 25-1125 (PKC)(ARL)

Northport - East Northport Union Free School
District,

                                  Defendant.
----------------------------------------------------------------X

      Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>May 22, 2025</u> and was attended by:

     <u>Richard Corrao, Esq.</u>, counsel for plaintiffs and

     <u>Christopher Venator, Esq.</u>, counsel for defendant.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.    INITIAL DISCLOSURES
      Have the parties agreed to make initial disclosures?

      ____Yes     ____No    <u> X </u>The proceeding is exempt under Rule 26(a)(1)(B).

      If yes, such initial disclosures shall be made by _____.

2.    VENUE AND JURISDICTION
      Are there any contested issues related to venue or jurisdiction?

         _____Yes   <u>X </u>No If yes,
      describe the issue:

      If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

3.    PARTIES AND PLEADINGS
      a.  The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>June 6, 2025</u>.

    b.  If the case is a class action, the parties agree that the motion for class certification shall be filed by_____.

4. MOTIONS
Are there any pending motion(s)? _____Yes   __X__No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

5. ISSUES
Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

This is an action for review on an administrative record concerning an underlying matter brought by the Plaintiff Student and his family against the Defendant school district under the Individuals with Disabilities Education Improvement Act (IDEA). There is no jury demand.

6. DISCOVERY PROCEDURES
    a.  The parties agree that all discovery, inclusive of expert discovery, shall be completed by_____. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

    b.  Do the parties anticipate the production of ESI? Yes____ No X
If yes, describe the protocol for such production:

The parties will rely upon the administrative record below, which the District will produce to the Court. **The parties seek a conference with the Court to set a briefing schedule to provide the Court with briefs, responses, and replies to aid its judgment on the pleadings and record below**.

    c.  Do the parties intend to seek a confidentiality order?[1]  Yes
If yes, such order or agreement shall be filed with the Court by____June 2, 2025____.

7. EXPERT TESTIMONY
    a.  Primary expert reports must be produced by_____.
    b.  Rebuttal expert reports must be produced by_____.

The schedule for expert discovery must be set in such a way to be completed before

---

[1] See attachment A.

15

the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions.

8. DISPOSITIVE MOTIONS
Any party planning on making a dispositive motion must take the first step in the motion process by_____. It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9. SETTLEMENT
Settlement discussions have  X  / have not _____

taken place. Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

No later than one week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10. RULE 16 PRETRIAL CONFERENCE
Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11. CONSENT TO MAGISTRATE JUDGE
Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

_____ Yes     _____ No

12. OTHER MATTERS
Indicate any other matters for the Court's consideration:

13. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: May 27, 2025

/s/
Richard F. Corrao
**Law Offices of Susan Deedy & Associates**
1600 Stewart Avenue, Suite 609
Westbury, NY 11590
Office (516) 221-8133
Fax (516) 221-3011
rcorrao@susandeedylaw.com
*Counsel for Plaintiffs*

/s/
Christopher Venator
**Ingerman Smith LLP**
150 Motor Parkway, Suite 400
Hauppauge, New York 11788
Office (631) 261-8834
Fax (631) 261-8851
cvenator@ingermansmith.com
*Counsel for Defendant*

/s/
Benjamin J. Hinerfeld
**Law Office of Benjamin J. Hinerfeld**
9 Stoddard Street
Plymouth, MA 02360
1528 Walnut Street, Suite 1100
Philadelphia, PA 19102
447 Broadway 2nd Floor
New York, NY 10013
Office (508) 591-0385
Cell (215) 694-7432
Fax (215) 689-2423
Ben@hinerfeldlaw.com
*Counsel for Plaintiffs*